**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS BELTRAN OLIVAR, | ) Case No. CV 13-4112-MWF (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| FRANK X. CHAVEZ, Warden, | ) |
| Respondent. | ) |

On June 7, 2013, Petitioner, who is represented by counsel, filed a federal habeas Petition under 28 U.S.C. § 2254. Because counsel did not use the required Central District of California habeas form, see Local R. 83-16.1, the Court dismissed the Petition with leave to amend. On July 12, 2013, Petitioner filed an amended Petition. The Petition purports to challenge Petitioner's 2008 convictions in Los Angeles County Superior Court for murder and related crimes. (Pet. at 2.) Although Petitioner did not provide a date for the denial of his appeal (Pet. at 3), the Court's review of the California Appellate Court's Case Information website shows that the California Court of Appeal denied it on October 29, 2009. Counsel states that she

1

"doesn't think" Petitioner filed a Petition for Review in the California Supreme Court (id.), but in fact he did, according to the appeals courts' case-information website, and the supreme court denied it on January 13, 2010.[1]  Petitioner states that he has not filed any state habeas petitions (id.), and the Court's review of the case-information website confirms that. Petitioner raises one claim in his Petition, "Inappropriate Joinder of Charges Violates Defendant's Right to Due Process Under Fifth Amendment."  (Pet. at 5.)  He also raised this claim in the California Court of Appeal, or at least a state-law version of it.  People v. Olivar, No. B210504, 2009 WL 3467497, at *3 (Cal. Ct. App. Oct. 29, 2009).

   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition.  See 28 U.S.C. § 2244(d).  That statute provides:

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>       (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Because counsel mistakenly represents that Petitioner did not file a Petition for Review, she has not listed the issues he raised in that petition.  Given that Petitioner has not filed any state habeas petitions, the Court therefore cannot know whether Petitioner's federal claim has in fact been exhausted in state court.  For the purposes of this Order to Show Cause the Court assumes that it has.

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  Petitioner's conviction apparently became final 90 days after the state supreme court denied review – in other words, on April 13, 2010. <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).

  From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B), (C), or (D). Petitioner does not contend that he was impeded from filing his federal petition by unconstitutional state action. Nor is his

3

claim based on a federal constitutional right that was initially recognized by the U.S. Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, Petitioner has long been aware of the underlying factual and legal predicates of his claim, as he raised it on direct appeal.

Thus, Petitioner's last day to file his federal habeas Petition was April 13, 2011, unless a basis for tolling the statute exists. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, Petitioner's Petition was filed more than two years late.

No basis for statutory tolling under § 2244(d)(2) appears to exist here, as Petitioner apparently has not filed any state habeas petitions. Under certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Here, Petitioner has not purported to make any such showing.

A district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook,

1 | 260 F.3d 1039, 1042-43 (9th Cir. 2001).

2 |     IT THEREFORE IS ORDERED that on or before **August 16, 2013**,
3 | Petitioner show cause in writing, if he has any, why the Court
4 | should not dismiss this action with prejudice because it is
5 | untimely.  If Petitioner intends to rely on the equitable-tolling
6 | doctrine, he will need to include with his response to the Order
7 | to Show Cause a declaration under penalty of perjury stating
8 | facts showing that (1) he has been pursuing his rights diligently
9 | and (2) "some extraordinary circumstance stood in his way."  He
10 | may submit any other evidence he deems appropriate to support his
11 | claim to tolling.

13 | DATED: July 19, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE