O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BELTRAN OLIVAR,<br><br>               Petitioner,<br><br>    vs.<br><br>FRANK X. CHAVEZ, Warden,<br><br>               Respondent. | Case No. CV 13-4112-MWF (JPR)<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION AND DISMISSING ACTION WITH PREJUDICE |

## BACKGROUND

On June 7, 2013, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Because counsel did not use the required Central District of California habeas form, see Local Rule 83-16.1, the Court dismissed the Petition with leave to amend. On July 12, 2013, Petitioner filed an amended Petition. At the same time, he submitted an "Election Regarding Consent to Proceed Before a United States Magistrate Judge" form, indicating that he voluntarily consented to "have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of

final judgment." The amended Petition purports to challenge Petitioner's 2008 convictions in Los Angeles County Superior Court for murder and related crimes. (Pet. at 2.)

On July 19, 2013, because the amended Petition on its face appeared to be untimely, the Court ordered Petitioner to show cause why it should not be dismissed with prejudice because he had failed to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d). To date Petitioner has not responded to the Order to Show Cause, nor has he requested an extension of time within which to do so.

**DISCUSSION**

**I. The Court's Jurisdiction**

As an initial matter, the undersigned Magistrate Judge has jurisdiction to deny the amended Petition and dismiss this action with prejudice. "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge through his counsel;[1] Respondent has not yet been served and therefore is not yet a party to this action.[2] See, e.g., Travelers Cas. & Sur. Co. of

---

[1] Habeas counsel may consent to a magistrate judge's jurisdiction on behalf of her client. Means, Fed. Habeas Manual § 8:57 (updated May 2013) (citing United States v. Muhammad, 165 F.3d 327, 331 (5th Cir. 1999)).

[2] Counsel attached a proof of service to the amended Petition, but it was deficient for several reasons, not least of which that Rule 4 of the Rules Governing § 2254 Cases in U.S. District Courts requires that service be made by the Clerk of Court. See also

Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks and citation omitted)).  Thus, all parties have consented pursuant to § 636(c)(1).  See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); United States v. Real Prop., 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in in rem forfeiture action even though property owner had not consented because § 636(c)(1) requires consent only of "parties" and property owner, having failed to comply with applicable filing requirements, was not "party"); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

Moreover, a district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court

---

Local R. 4-4 & App. B.2 (providing that entry on docket of court order to respond to habeas petition "complies with the requirement of service of the petition on the respondent").

1  gives the petitioner adequate notice and an opportunity to
2  respond.  Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).
3  Here, the Court gave Petitioner notice that his amended Petition
4  appeared to be untimely and an opportunity to respond, but he has
5  not done so.

6  Accordingly, this Court has the authority to deny the
7  amended Petition and dismiss this action with prejudice.

**II.  The Petition Is Not Timely**

For the reasons stated in the Court's July 19, 2013 Order to Show Cause, and because Petitioner has not offered any evidence or argument to rebut the conclusions drawn therein despite having been given the opportunity to do so, the Court finds that the deadline for Petitioner to file his federal habeas Petition was April 13, 2011, and Petitioner's June 7, 2013 habeas Petition was therefore more than two years late.

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: August 23, 2013

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE